IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN H. WHITT,

    **Plaintiff,**

v.                                   Case No. 2:21-cv-881
                                      Chief Judge Algenon L. Marbley
REBECCA CASTO, *et al.*,         Magistrate Elizabeth P. Deavers

    **Defendants.**

## ORDER and
## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, a state inmate at the Chillicothe Correctional Institution ("CCI"), brings this prisoner civil rights action under 42 U.S.C. § 1983. (ECF No. 1-1.) This matter is before the Court for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims against Defendants for failure to state a claim.

### I.

"'District courts are required to screen *all* civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners.' " *Espinoza Vallecillo v. Michigan*, No. 2:19-CV-13354, 2020 WL 85929, at *2 (E.D. Mich. Jan. 7, 2020) (quoting *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (emphasis

added)). Plaintiff is proceeding *pro se* and on March 22, 2021, was granted leave to proceed *in forma pauperis*. (ECF No. 10.)

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In so doing, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.' " *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> ***
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rules of Civil Procedure 8(a). *See also*

---

[1] Formerly 28 U.S.C. § 1915(d).

*Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complains." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' … [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombley*, 550 U.S. at 556). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints " 'to less stringent standards than formal pleadings drafted by lawyers.' " *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; " 'courts should not have to guess at

3

the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff contends that Defendants, *i.e.*, the "Screening Committee" that grants inmates permission to work at Ohio Prison Industries ("OPI"), violated his Fourteenth Amendment right to equal protection because Plaintiff was not hired for a job in the welding shop or OPI. (ECF No. 1-1, at PageID 14-15, 16.) Plaintiff explains that because four inmates who worked in the welding shop were fired, Plaintiff was called to the shop to take a welding test. He contends that he demonstrated that he was an experienced welder and was told that he had the job. Plaintiff appears to suggest that because the four inmates who had been fired had to be re-hired, Plaintiff could not be hired. Plaintiff also alleges that the reasons provided to him for why he could not be hired in the welding shop—namely, that he had not yet appeared before the parole board, that he had too much time remaining on his sentence to be eligible to work at OPI, which is designated as a "sensitive work area," that he already had a kitchen job, and that he could seek a maintenance job—were lies and not supported by the applicable administrative regulation, 5120-3-2, or applicable ODRC policy, 54-WRK-02.

Attached documentation shows that Defendant Steve Jenkins, Unit Manager Chief, informed Plaintiff that 54-WRK-02 provides that the responsible Deputy Warden has the final say in whether an inmate may be assigned to a sensitive work area. (ECF No. 1-1, at PageID 16.) The documentation also shows that Plaintiff expressed concern that Defendant Steve Jenkins answered the Informal Complaint that Plaintiff directed to Defendant Rebecca Casto, Deputy Warden of Operations. Finally, according to the attached documentation, Plaintiff was

4

told that although he would not be approved to work in the sensitive work area at that time, he could apply again at a later date.

"[T]he Equal Protection Clause of the Fourteenth Amendment to the United States Constitution 'protects against arbitrary classifications, and requires that similarly situated persons be treated equally.'" *Jackson v. Jamrog*, 411 F.3d 615, 618 (6th Cir. 2005) (quoting *Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002)). "'Where … no suspect class or fundamental right is implicated, governmental action subject to equal protection scrutiny under the rational basis test must be sustained if any conceivable basis rationally supports it.'" *Ziss Bros. Const. Co., Inc. v. City of Independence, Ohio*, 439 F. App'x 467, 475-76 (6th Cir. 2011) (quoting *TriHealth, Inc. v. Bd. Of Comm'rs, Hamilton Cnty., Ohio*, 430 F.3d 783, 790 (6th Cir. 2005)). "Without question, prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson*, 411 F.3d at 619 (citing *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998)). Moreover, inmates have no constitutional right to prison employment or a particular job. *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (citing *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989)).

Here, Plaintiff's Complaint fails to set forth any facts suggesting that the Defendants intentionally treated him differently than other similarly situated inmates. That is especially so where, as here, the Court assesses Plaintiff's equal protection claim using the rational basis test. "Under the rational basis test, 'courts will not overturn government action unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Tipton v. Mohr*, No. 2:11-cv-719, 2012 WL 1031416, at *3 (S.D. Ohio Mar. 27,

2012 ) (quoting *Ziss Bros. Const. Co., Inc.*, 439 F. App'x at 476.)  Plaintiff fails to set forth any facts in his Complaint suggesting that the Defendants' stated reasons for not approving him to work in a sensitive work area were unrelated to legitimate prison operations.  To the extent that Plaintiff raises a class-of-one challenge stemming from the discretionary decision exercised by the "screening committee" and/or vested in the Deputy Warden of Operations, that claim is not available in the context of prison employment.  *Brown v. Partin*, No. 1:20-CV-235, 2020 WL 5077037, at *3 (E.D. Tenn. Aug. 27, 2020).  For these reasons, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Although Plaintiff primarily seeks approval to work at the OPI welding shop, he seeks in the alternative damages consisting of the amount of money he will not be able to earn if denied the welding job ($200 per month instead of $20 per month he currently makes) in the amount of $57,600 per each Defendant for a total of $288,000.  (ECF No. 1-1, at PageID 15.)  The Court assumes that Plaintiff intends to assert this claim under 42 U.S.C. § 1983.  Section 1983, however, does not permit Plaintiff to bring his claim for money damages against the Individual Defendants in their official capacities.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that neither States nor state officials acting in their official capacities are "persons" within the meaning of § 1983).  Plaintiff's § 1983 claims for money damages against the Individual Defendants in their official capacities, therefore, are not cognizable.  *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003).

## III.

For the reasons explained above, it is **RECOMMENDED** that the Court **DISMISS** all claims against Defendants Rebecca Casto, Deputy Warden of Operations; Shane Clark, Unit

Manager; Steve Jenkins, Unit Manager Chief; Tara Hatzo, Secretary; and Kim Bayless, Case Manager; and any claims for monetary damages against the Individual Defendants in their official capacities. Petitioner's Motion to Appoint Counsel (ECF No. 2) is **DENIED** for want of exceptional circumstances, *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004). It **RECOMMENDED** that Plaintiff's Motion for Miscellaneous Relief ("Civil R. 12(B)(6) Request for Relief") (ECF No. 3) be **DENIED** as procedurally improper.

Finally, in *Simons v. Washington*, the United States Court of Appeals for the Sixth Circuit held that pursuant to 28 U.S.C. § 1915(g), District Courts may, and often should, recommend to future courts whether a complaint should be considered one of the three cases under which an incarcerated plaintiff may proceed *in forma pauperis*. No. 20-1406, ____ F.3d ____, 2021 WL 1727619, at *2 (6th Cir. May 3, 2021). This is commonly known as the "three strikes rule." *Id*. at *1. As Plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), it is **RECOMMENDED** that this case be treated as one of Plaintiff's strikes.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal….") (citation omitted).

    **IT IS SO ORDERED.**


                                           *s/ Elizabeth A. Preston Deavers*
**DATED: May 18, 2021**              **ELIZABETH A. PRESTON DEAVERS**
                                                **UNITED STATES MAGISTRATE JUDGE**