UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN H. WHITT, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-0881 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| REBECCA CASTO, *et al.*, | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before the Court for consideration of Plaintiff Whitt's Motion for Recusal (ECF No. 7) and Motion for Extension (ECF No. 17), as well as the Magistrate Judge's Report and Recommendation (ECF No. 14). For the reasons that follow, Plaintiff's Motions both are **DENIED**. The Magistrate Judge's Report and Recommendation is **ADOPTED**, and this case is **DISMISSED**.

**I. BACKGROUND**

Plaintiff Whitt filed this case on March 1, 2021, alleging that Defendants violated his civil rights when they denied him the opportunity to work at Ohio Prison Industries ("OPI"). (ECF No. 3). Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," the Magistrate Judge performed an initial screen to "identify cognizable claims or dismiss . . . any portion of the complaint" that is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

Upon screening, the Magistrate Judge concluded that "Plaintiff's Complaint fails to state a claim upon which relief can be granted." (ECF No. 14 at 6). The Magistrate Judge therefore

1

recommended that the Court dismiss Plaintiff's claims, deny his Motion for Miscellaneous Relief (ECF No. 3), and treat this case as one of Plaintiff's three "strikes" under 28 U.S.C. Section 1915(g).[1] (ECF No. 14 at 6–7).

Before the Court can rule on the Magistrate Judge's Report and Recommendation, however, it must resolve Plaintiff's Motion for Recusal as against Chief Judge Marbley. (ECF No. 7). Magistrate Judge Deavers previously denied the Motion as against her. (ECF No. 15).

## II. MOTION FOR RECUSAL

In seeking recusal, Plaintiff states his "concern that Chief Judge Marbley, and Magistrate Judge Deavers will deny my Constitutional right for relief, just like they denied my State Habeas Corpus." (ECF No. 7 at 1).

Recusal is appropriate where a judge's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including "[w]here he has a personal bias or prejudice concerning a party." *Id.* § 455(b)(1). The moving party bears the burden of justifying disqualification. *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999). Section 455 "is not based on the subjective view of a party, and rather imposes an objective standard: a judge must disqualify himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Burley v. Gagacki*, 834 F.3d 606, 615–16 (6th Cir. 2016) (internal quotations and citations omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

---

[1] Section 1915(g) prevents a prisoner from proceeding *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while detained incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This is commonly known as the "three-strikes rule." *See Simons v. Washington*, 996 F.3d 350, 351 (6th Cir. 2021).

Here, Plaintiff makes conclusory allegations of bias based only on these Judges' prior rulings in his other case. (ECF No. 16 at 3). Plaintiff fails to offer *any* indicia of bias that could overcome that general rule. *See Brown v. United States*, 2017 WL 2895073, at *2 (S.D. Ohio May 23, 2017) ("Here, all of the actions Brown complains of are judicial in nature. Despite conclusory language about bias and prejudice, Brown seeks disqualification because the Courts have ruled against him. These rulings are neither personal nor incorrect, and they do not evidence a 'conspiracy to defraud' or a desire to 'drag the case out.' . . . Subjective beliefs alone, of course, do not warrant recusal.").

Not to be forgotten in the recusal analysis is that, "[a]lthough a judge is obliged to disqualify himself when there is a close question concerning his impartiality, he has an equally strong duty to sit where disqualification is not required." *United States v. Angelus*, 258 F. App'x 840, 842 (6th Cir. 2007) (internal citations omitted); *see also In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) ("Moreover, where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited.").

Because the standard for recusal is not met, the Court is obliged to sit. Therefore, Plaintiff Heid's Motion to Recuse (ECF No. 7) is **DENIED**.

### III. REPORT AND RECOMMENDATION

Having resolved the recusal motion, the Court next will consider the Magistrate Judge's Report and Recommendation (ECF No. 14). The parties were advised specifically of their right to object to the Report and Recommendation within fourteen days and of the rights they would waive by failing to do so. (*Id.* at 7–8). Plaintiff did not file any objections *per se*. He did, however, file a document titled "Federal Declaratory Judgment Act" that includes a generalized opposition to the Report and Recommendation. (ECF No. 16 at 1–2). Plaintiff argues that "the District Court wants

3

to rob him [of] his right to be heard" in a jury trial, after he has paid the $350 filing and administrative fee. (*Id.* at 1).

This sort of "general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). Moreover, Plaintiff's assignment of error is mistaken. The Seventh Amendment is not a guarantee that every claim brought in court must be tried to a jury. "Where, as here, a complaint fails to state a claim upon which relief may be granted or no genuine issues of material fact exist, a plaintiff has no Seventh Amendment right to a jury trial." *O'Hair v. Winchester Police Dep't*, 2017 WL 7240652, at *4 (6th Cir. 2017). Nor does the payment of a filing fee entitle Plaintiff to any greater rights. The screening process in 28 U.S.C. Section 1915A applies to "*all* civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (emphasis added). Plaintiff was heard by the Magistrate Judge, who found that his complaint failed to state a viable claim. Plaintiff therefore has received the full judicial process to which he is entitled.

Having failed to state any specific objections to the Report and Recommendation, Plaintiff has waived his right to a *de novo* review in this Court. Accordingly, the Report and Recommendation (ECF No. 14) is **ADOPTED**.

IV.  **MOTION FOR EXTENSION**

Following the window for objections to the Report and Recommendation, Plaintiff filed a Motion for Extension (ECF No. 17), seeking additional time in which to file a proper claim. This Motion is best construed as seeking leave to amend the complaint under Federal Rule of Civil

4

Procedure 15(a)(2). Consistent with that rule, the Court is not required to grant leave where it would be "futile." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007). Plaintiff offers no indication of which facts, if any, he proposes to add in order to meet pleading standards and cure the deficiencies noted in the Magistrate Judge's Report and Recommendation. Therefore, the Court is not inclined to extend this case any further. Plaintiff's Motion for Extension (ECF No. 17) is **DENIED**.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Recusal (ECF No. 7) and Motion for Extension (ECF No. 17) both are **DENIED**. The Magistrate Judge's Report and Recommendation (ECF No. 14) is **ADOPTED**, and this case is **DISMISSED**.

It is recommended that this case count as one of Plaintiff's three "strikes" for purposes of 28 U.S.C. Section 1915. The Court further certifies pursuant to 28 U.S.C. Section 1915(a)(3) that an appeal of this Order would not be taken in good faith and therefore **DENIES** Plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

DATED: November 16, 2021